36 F.3d 1113
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SEAGATE TECHNOLOGY, INC., Appellant,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee.
 No. 94-1348.
 United States Court of Appeals, Federal Circuit.
 Aug. 17, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 The International Trade Commission moves to dismiss Seagate Technology Inc.'s appeal. Seagate Technology opposes.
 
 
 2
 This matter stems from a Commission investigation concerning allegations that 20 respondents, including Seagate, were importing disk drives into the United States that contained sputtered carbon coated computer disks that infringed the claims of Harry E. Aine's patent. With regard to Seagate, it was alleged that Seagate manufactured the infringing sputter disks in the United States, exported the disks to foreign disk drive manufacturers, and then imported the foreign-manufactured disk drives. Seagate Technology and several other respondents moved for partial summary judgment arguing that the Commission lacked jurisdiction to hear complaints concerning domestically-manufactured articles that were exported and then imported.
 
 
 3
 On May 28, 1993, the presiding administrative law judge (ALJ) issued an initial determination granting Seagate's motion. On June 30, 1993, the Commission determined to review the initial determination. Meanwhile, Aine and Seagate reached a settlement agreement and filed a joint motion with the ALJ to terminate the investigation with respect to Seagate. The ALJ granted the joint motion on July 9, 1993. This initial determination became the determination of the Commission on August 10, 1993, and thereby terminated the investigation with respect to Seagate.
 
 
 4
 On October 27, 1993, the Commission, reviewing the ALJ's initial determination that the Commission lacked jurisdiction over domestically manufactured articles, determined that it had jurisdiction. The Commission reversed the initial determination and remanded the matter to the ALJ for further proceedings. Seagate appealed the Commission's October 27, 1993 order to this court and we dismissed its appeal because the "Commission's order was not a final determination appealable by any party." Before the ALJ could issue a decision on remand, Aine settled with each of the remaining respondents. On April 15, 1994, the Commission terminated the investigation with prejudice on the basis of a settlement agreement between Aine and the then-remaining respondents. Seagate appealed from the April 15, 1994 termination and seeks review of the Commission's interlocutory order on jurisdiction.
 
 
 5
 The Commission urges dismissal on two grounds. First, the Commission argues that Seagate may only seek review of a "final determination" and that the Commission's April 15, 1994 order is not a final determination as defined by 19 U.S.C. 1337(c). Second, the Commission argues that Seagate is not adversely affected by any Commission ruling and, thus it may not appeal. In response, Seagate argues that the Commission's approach regarding finality is "overly restrictive" and that it has standing to appeal because it is adversely affected by the Commission's order.[1] Because the finality issue is dispositive, we need not address whether Seagate has standing to appeal.
 
 
 6
 Under 28 U.S.C. Sec. 1295(a)(6) this court has exclusive jurisdiction over "the final determinations of the United States International Trade Commission relating to unfair practices in import trade, made under section 337 of the Tariff Act of 1930 (19 U.S.C. 1337)." Section 1337 governs unfair practices in import trade. Section 1337(c) requires the Commission to:
 
 
 7
 determine with respect to each investigation conducted by it under this section, whether or not there is a violation of this section, except that the Commission may, by issuing a consent order or on the basis of a settlement agreement, terminate any such investigation, in whole or in part, without making such a determination [emphasis added].
 
 
 8
 On April 15, 1994, the Commission issued its Notice of Decision Not To Review Initial Determination Granting Joint Motion To Terminate the Investigation on the Basis of a Settlement Agreement stating:
 
 
 9
 [t]he U.S. International Trade Commission has determined not to review an initial determination (ID) (Order No. 82) issued on March 16, 1994, by the presiding administrative judge law (ALJ) in the above-captioned investigation granting the joint motion of complainant Harry E. Aine ("Aine") and the 12 remaining respondents in the investigation to terminate the investigation as to them on the basis of a settlement agreement.
 
 
 10
 The Commission's order clearly fell within its authority to terminate an investigation, on the basis of a settlement agreement, without making a determination on the merits of the action.
 
 
 11
 However, only final determinations may be appealed to this court. The "final determinations" appealable to this court are specified in section 1337(c). Section 1337(c) provides in relevant part:
 
 
 12
 Any person adversely affected by a final determination of the Commission under subsection (d), (e), (f) or (g) of this section may appeal such determination, within 60 days after the determination becomes final, to the United States Court of Appeals for the Federal Circuit for review in accordance with chapter 7 of Title 5.
 
 
 13
 Subsections (d), (e), (f), and (g) govern respectively, permanent exclusion orders, temporary relief orders, cease and desist orders, and orders granting relief when a respondent defaults. The Commission's April 15, 1994 order does not fall within any of those categories. Although the Commission's April 15, 1994 order is "final" in the sense that it terminates the investigation, it is not an appealable "determination."
 
 
 14
 Seagate argues that the termination of the investigation as a whole represents "an exercise of subject matter jurisdiction over domestically manufactured disks" and thus the Commission's order represents an appealable, unfavorable final order. Seagate argues that this court's decision in Amgen v. United States International Trade Commission, 902 F.2d 1532 (Fed.Cir.1990) supports its argument. In Amgen, the court exercised jurisdiction over a Commission order dismissing Amgen's complaint for lack of subject matter jurisdiction after determining that the appealed order "clearly reaches the merits of Amgen's complaint and determinatively decides Amgen's right to proceed in a section 1337 action." Amgen, 902 F.2d at 1535. The court also emphasized that the Commission "should have treated Amgen's complaint on the merits and not on jurisdictional grounds" because "the jurisdictional requirements of section 1337 mesh with the factual requirements necessary to prevail on the merits." Amgen, 902 F.2d at 1536.
 
 
 15
 The grounds for the court's decision in Amgen are not present in this case. The April 15, 1994 order did not "clearly reach the merits" of Seagate's case. The April 15, 1994 order merely reflected the Commission's decision not to review what was essentially a voluntary dismissal of the complaint due to settlement. Unlike the decision in Amgen, the Commission's determination did not involve consideration of the factual requirements necessary to prevail on the merits.
 
 
 16
 This case is more akin to Block v. United States International Trade Commission, 777 F.2d 1568 (Fed.Cir.1985). In Block, this court observed:
 
 
 17
 A final determination is a "final determination on the merits, excluding or refusing to exclude articles from entry" under 19 U.S.C. Sec. 1337(d), (e), or (f). Import Motors Ltd. v. U.S. Int'l Trade Comm'n, 530 F.2d 940, 944 188 USPQ 490, 494 (CCPA 1976) (emphasis added). With this definition in mind, it logically follows, as the Court of Customs and Patent Appeals ruled in Refractarios Monterrey, S.A. v. Ferro Corp., 606 F.2d 966, 971 n. 15, 203 USPQ 568, 574 n. 15 (C.C.P.A.1979), cert. denied, 445 U.S. 943, 100 S.Ct. 1338, 63 L.Ed.2d 776 (1980), that "[a] dismissal in an ITC proceeding without a finding is not a 'final determination'." In this case, the ITC did not rule on the merits but terminated its investigation and wholly vacated the ALJ's initial determination. Thus, this action could not intrinsically be a final determination within the meaning of 19 U.S.C. Sec. 1337(c) because it was not a decision to exclude or refuse to exclude articles from entry under 19 U.S.C. Sec. 1337(d), (e) or (f).
 
 
 18
 Block, 777 F.2d at 1571.
 
 
 19
 As in Block, the keystone of jurisdiction in this case is missing. The Commission did not issue a decision to exclude or refuse to exclude articles from entry; the Commission merely let stand the ALJ's decision to grant the joint motion to terminate the investigation. There was no decision on the merits and, thus, no final determination. Absent a final determination under Sec. 1337(c), this court is without authority to review the ruling in question.
 
 Accordingly
 IT IS ORDERED THAT:
 
 20
 (1) The Commission's motion to dismiss is granted.
 
 
 21
 (2) Each side shall bear its own costs.
 
 
 
 [1]
 Seagate argues that is adversely affected by the Commission's jurisdictional ruling because of the "possible preclusive effect of that ruling." Seagate requests that this court find that the Commission's October 27, 1993 ruling concerning jurisdiction has no preclusive effect over Seagate. Because we are dismissing for lack of jurisdiction, we decline to address the issue or to grant Seagate's request